UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANTONIO MCKINNEY,       )
                            )
       Plaintiff       )
                            )
      v.          )     2:25-cv-00368-SDN
                            )
ANDROSCOGGIN COUNTY  )
JAIL, et al.,        )
                            )
       Defendants   )

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks to recover damages allegedly resulting from several encounters with law enforcement and county jail officers. (Complaint, ECF No. 1; Amended Complaint, ECF No. 7.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 6.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**LEGAL STANDARD**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the

court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL ALLEGATIONS

In October 2020, a state trooper stopped a vehicle in which Plaintiff was a passenger. Plaintiff alleges that he was subjected to a "roadside strip search" and arrested.  The State filed a criminal case against Plaintiff, but the case was later dismissed.

In May 2022, Plaintiff was arrested and taken to Androscoggin County Jail. He was detained and subjected to a strip search. According to Plaintiff, after a hearing in June 2022, a state court judge found there was no probable cause to support a charge.

In March 2023, a Lewiston Police Department officer arrested Plaintiff and transported him to the Androscoggin County Jail where he was strip searched even though no criminal complaint had been filed. In July 2023, Plaintiff was taken into custody and transported to Androscoggin County Jail, where he was strip searched although there was no warrant. When he was released, he requested the return of his property, which included a gold chain and a diamond item. Plaintiff did not receive documentation for the property, and the items have not been returned to him.

In July 2025, Plaintiff was arrested again and taken to Androscoggin County Jail, where he was strip searched. Plaintiff asserts that there was no warrant for his arrest and no criminal charges had been filed against him.

During one period of detention, Plaintiff experienced a serious medical condition and requested emergency transport to a hospital. Plaintiff maintains that Defendants Mason and Feldman refused Plaintiff's request for transport until the following morning. Defendant Harts, the commanding officer on duty, did not overrule the other defendants' decision.

Plaintiff also alleges that at some point he was denied basic clothing such as socks, t-shirts, and underwear. He further asserts that he was unable to rest at times because he was held in constant lighting without darkness. On one occasion, an officer allegedly violated policy by not wearing a body camera. Plaintiff also contends that prisoners were

subjected to increased risk of injury because fire drills were not conducted according to law and proper safety standards.

## DISCUSSION

Plaintiff claims that his arrests were unlawful because they occurred without a warrant and probable cause. The Fourth Amendment prohibits unreasonable searches and seizures and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation." U.S. Const. amend. IV. For a search or seizure of a person or a person's home to be reasonable, "a warrant must generally be secured," but "the warrant requirement is subject to certain reasonable exceptions." *Kentucky v. King*, 563 U.S. 452, 459 (2011).

Except for the stop and arrest in October 2020—which is the subject of another action Plaintiff has initiated, (*see McKinney v. Wing*, 2:25-cv-355-SDN)—Plaintiff's allegations consist of conclusory labels and lack sufficient facts regarding the stops and arrests to support an actionable claim.[1] At most, Plaintiff's filings could be construed to assert that officers did not obtain a warrant before they either stopped him or arrested him or both. Without more facts, one cannot discern whether a warrant was required or whether a recognized exception to the warrant requirement applied. *See Morozko v. Shoshone County*, No. 1:19-CV-00512-BLW, 2020 WL 1535132, at *6 (D. Idaho Mar. 31, 2020) ("merely alleging that a search or arrest was made without probable cause does not suffice to state a plausible Fourth Amendment claim. Further, because there are exceptions to the

---

[1] I address the sufficiency of Plaintiff's allegations regarding his encounter with law enforcement in October 2020 in *McKinney v. Wing*, 2:25-cv-355-SDN.

warrant requirement, a plaintiff must allege more than simply a warrantless search or arrest"); *Cannon v. Wood*, No. 9:10-CV-1332 GTS/RFT, 2011 WL 7071100, at \*7 (N.D.N.Y. Aug. 12, 2011) (recommending dismissal when a complaint "states in conclusory fashion that [the plaintiff] was subjected to an illegal search" and was "devoid of any factual allegations" about the search).

The Court can also take judicial notice of court records in the various criminal cases brought against Plaintiff in state court since 2020. *See State v. McKinney*, ANDCD-CR-2020-02216 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2020-02971 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2022-01285 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2023-00791 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2023-01532 (Me. Dist. Ct., Lewiston). Plaintiff evidently focuses on the absence of an arrest warrant in the cases, but the state court records do not support Plaintiff's proposed inference that the arrests were unlawful. For example, Plaintiff alleges that he was arrested and held without a warrant and without probable cause in May 2022, as confirmed by a favorable resolution of the charge against him, but the court record shows that in the drug trafficking criminal charges arising out of the October 2020 traffic stop (which charges were not dismissed until later), a warrant for a bail violation issued in July 2021 and was executed in May 2022. Another warrant on a request to revoke bail issued in June 2023 and was executed in July 2023. An arrest warrant for failure to appear for a matter involving a fine was also issued in June 2025 and executed in July 2025. In other words, the public records of state court proceedings, which include multiple arrest warrants, are inconsistent with Plaintiff's conclusory allegations. Given the

inconsistencies, and in the absence of sufficient facts regarding the circumstances leading to Plaintiff's arrests and detention, the complaint fails to state a plausible claim for unlawful arrest and detention.

Invoking the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendment, Plaintiff contends the strip searches he experienced were invasive and without cause. The lawfulness of a strip search depends on "the totality of the circumstances, including 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *United States v. Cofield*, 391 F.3d 334, 336 (1st Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). In assessing the lawfulness of a strip search of an individual in custody, a court will consider whether officials required the individual to "assume humiliating poses, expose [his or her body] in an unnecessarily public place or to members of the opposite sex, remain exposed for unreasonable durations, or endure degradation or ridicule." *Id.* at 337.

Plaintiff did not provide any detail regarding the manner of and circumstances surrounding the strip searches he experienced. For instance, Plaintiff does not describe or explain what constitutes a "roadside strip search." Further, a strip search of an inmate as part of prison administration generally does not require probable cause or articulable suspicion, and it need only be conducted pursuant to a search policy that is "reasonably related to legitimate security interests." *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 327-28 (2012) (upholding the programmatic, non-invasive strip-searching of "nonindictable offenders" housed in the general population,

without reasonable suspicion).  In the absence of additional facts, Plaintiff's allegations do not permit a fact finder to infer that the searches Plaintiff describe were unlawful attempts to humiliate or punish him.  Plaintiff's claims based on the alleged unlawful searches, therefore, fail.

Plaintiff asserts that he was wrongfully deprived of personal property when jail employees failed to return the jewelry taken from him upon intake in July 2023.  The First Circuit has advised that when a plaintiff challenges on federal constitutional grounds the "retention of personal property after a lawful initial seizure," it is generally the framework of the Due Process Clauses of the Fifth and Fourteenth Amendments that governs rather than the Fourth Amendment.  *Denault v. Ahern*, 857 F.3d 76, 84 (1st Cir. 2017).  Because Plaintiff alleges that jail employees failed to follow proper procedure, the claim implicates the Supreme Court's reasoning in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990).  The so-called *Parratt-Hudson* doctrine provides:

> So long as a state has not set up a scheme so open-ended it invites unwarranted uses of summary process, *see Zinermon*, 494 U.S. at 138, and so long as a state provides an adequate after-the-fact remedy for any wrongful summary action, *see Parratt*, 451 U.S. at 543–44, allegations of the kind of "random and unauthorized" mistakes in application that those who work in government sometimes make are not enough to state a procedural due process claim, *Hudson*, 468 U.S. at 533.

*South Commons Condominium Association v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014) (alternate citations omitted).  Plaintiff has not alleged an actionable procedural due process claim because (1) Plaintiff does not challenge the adequacy of the

procedures provided by a state or local policy or rule, and (2) Plaintiff does not allege the absence of state remedies for the alleged violation, which remedies are evidently available.

To the extent Plaintiff intended to assert other federal claims, the allegations are also insufficient. For example, Plaintiff asserts that officers failed to wear body cameras on one occasion, but there is no federal constitutional requirement to do so. *See Baca v. Anderson*, No. 22-cv-02461-WHO, 2022 WL 7094267, at *7 (N.D. Cal. Oct. 12, 2022) (dismissing a constitutional claim "[b]ecause [the plaintiff] has not shown that the asserted right to body camera footage is a constitutionally protected life, liberty, or property interest"). Plaintiff claims that three officers violated the Eighth and Fourteenth Amendments by refusing him medical transport until the morning after he complained of a medical issue,[2] but Plaintiff has failed to allege facts that would support a deliberate indifference finding. For instance, Plaintiff has not alleged the nature and severity of his medical condition or what he told each defendant and when he told them. His allegations regarding the conditions of

---

[2] The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment impose similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset County*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Under the objective standard, a medical need is serious if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt v. Correctional Medical Services, Inc.*, 645 F.3d 484, 497 (1st Cir. 2011). Under the subjective standard, deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Correctional Medical Services*, 464 F.3d 158, 162 (1st Cir. 2006) (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).

confinement related to temperature and the lack of certain items of clothing fail for similar reasons: Plaintiff has not provided any facts regarding the duration of the exposure or the severity of the factors like temperature and lighting. Plaintiff's reference to inadequate fire safety procedures is likewise too conclusory to state an actionable claim.[3]

Plaintiff listed as defendants many individuals and unnamed placeholder individuals. Because "various liability is inapplicable" in a federal civil rights lawsuit, a government official is "only liable for his or her own misconduct," and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). Given that Plaintiff did not describe any conduct for most of the defendants, he has not stated an actionable claim against any of the other individuals joined as defendants.

---

[3] As one court explained, the allegation regarding the inadequacy of fire safety measures "does not address numerous factors affecting fire safety at the prison," which would be necessary to state a deliberate indifference claim:

> [Plaintiff] fails to state that the prison lacks a comprehensive fire safety plan or address other factors such as fire extinguishers; smoke detectors in the cell corridors, stairwells and elevator landings; the fire alarm system, evacuation plans, and fire drills; locking devices on cell doors; the prison's combustible load; fire walls; or smoke containment capabilities in the ventilation systems. *See, e.g., Hadix v. Johnson,* 367 F.3d 513, 528–29 (6th Cir.2004) (reviewing cases dealing with prison fire safety); *Sowell v. Fair,* 915 F.2d 1557, *5 (1st Cir.1990) (prisoner's claim regarding inoperative smoke detectors failed to state an Eighth Amendment claim). Plaintiff also does not suggest that the prison is in violation of the . . . fire safety code, and, although fire safety codes do not set the constitutional minima, they do provide an indication of society's standard of decency. *See Masonoff v. DuBois,* 899 F. Supp. 782, 799 (D. Mass. 1995). Further, with respect to the subjective element, plaintiff fails to state against whom he brings his claim regarding fire safety or that such party or parties acted with deliberate indifference.

*Cable v. Wall*, No. CIV.A. 09-439 ML, 2010 WL 1486494, at *5 (D.R.I. Mar. 18, 2010); *see also*, *Davis v. Oregon County, Missouri*, 607 F.3d 543, 550 (8th Cir. 2010); *Nau v. Papoosha*, No. 3:21CV00019(SALM), 2021 WL 5447197, at *6 (D. Conn. Nov. 22, 2021). In other words, without additional information regarding the circumstances at the jail and the officers' knowledge regarding the conditions impacting the risk of injury from a fire, Plaintiff has failed to state a plausible deliberate indifference claim.

Finally, Plaintiff's attempt to assert a claim against a city and its police department fails. Plaintiff has not alleged an actionable municipal liability claim because he did not plausibly allege any relevant policy or custom and instead seeks to hold the city liable for the conduct of its employees. *See Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) ("[M]unicipalities can be liable for constitutional violations only if the violation occurs pursuant to an official policy or custom" and cannot be held vicariously liable for the conduct of their employees) (citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978)).

### CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the reasons stated above, I conclude that Plaintiff has not alleged an actionable claim. Accordingly, I recommend the Court dismiss the complaint.

### <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2025.